Chad S. Caby, WSB# 7-5457
1200 17th Street, Suite 3000
LEWIS ROCA ROTHGERBER CHRISTIE LLP
Denver, CO  80202-5855
Tel:      (303) 628-9583
Fax:     (303) 623-9222
Email:   ccaby@lewisroca.com

*Counsel for Central Bank & Trust*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| RIA R SQUARED, INC.,<br>a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL D. MCCOWN,<br>MCCOWN ENTERPRISES, LLC,<br><br>    Defendants. | Civil Action No. 21-CV-125-S |

## MOTION TO QUASH SUBPOENA

Non-Party Central Bank & Trust ("CB&T"), by and through its undersigned counsel Lewis Roca Rothgerber Christie LLP, and pursuant to FED. R. CIV. P. 45(d), hereby submits this Motion to Quash Subpoena (the "Motion"), and states as follows:

### BACKGROUND

1. On June 23, 2021, Plaintiff Ria R Squared, Inc. ("Plaintiff") moved this Court for an order permitting Plaintiff to conduct expedited discovery with respect to various third-parties. (Docket No. 4) (the "First Motion"). On June 24, 2021, this Court entered an order granting Plaintiff's First Motion (Docket No. 7) (the "First Order"). The First Order allowed Plaintiff to issue a series of subpoenas to parties and non-parties on an expedited basis. One of the entities

1

Plaintiff was able to subpoena was the Wyoming Catholic College (the "College"). The College is a private, Catholic liberal arts college located in Lander, Wyoming. Upon information and belief, the College was served with a subpoena. *See* Docket No. 13 (Acceptance of Service of Subpoena on Wyoming Catholic College).

2. On July 23, 2021, one month after filing its First Motion, Plaintiff moved this Court for a second order allowing it to conduct additional expedited discovery (Docket No. 29) (the "Second Motion"). In its Second Motion, Plaintiff again sought leave of court to issue additional subpoenas to a number of non-parties to the litigation. On July 27, 2021, this Court entered an Order Granting in Part and Denying in Part Plaintiff's Second Motion for Expedited Discovery (the "Second Order"). The Second Order determined, *inter alia*, that Plaintiff had "not sufficiently identified why certain non-parties who have already received document subpoenas should be served with additional document subpoenas." Second Order, p. 1. The College is one of the parties that this Court indicated could not be served with additional subpoenas. *Id.* p. 2.

3. On July 29, 2021, Plaintiff served on CB&T its Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena"). A copy of the Subpoena is attached as **Exhibit A**. The Subpoena made fourteen separate and wide-ranging requests for production of documents (the "Requests"). Critically, the Subpoena seeks numerous categories of documents relating specifically to the College and other non-parties. By way of example, and not limitation, Request Nos. 3-8 require the production of the following documents:

> **Request No. 3:**
>
> All documents concerning communications between Central Bank and Trust or any Central Bank and Trust employee, agent or representative, on the one hand, and *Wyoming Catholic College* or any *Wyoming Catholic College* employee, agent or representative on the other hand, during the period of January 1, 2021 through the

date of your response to this subpoena, concerning any of the transfers addressed in Request Nos. 1 and 2 above.

Ex. A, Request No. 3 (emphasis added).

**Request No. 4:**

All monthly account statements covering the period of January 1, 2021 through the date of your response to this subpoena for any accounts owned or controlled by *Wyoming Catholic College*, or in which *Wyoming Catholic College* has or had an interest.

*Id.*, Request No. 4 (emphasis added).

**Request No. 5:**

All documents concerning communications between Central Bank and Trust or any Central Bank and Trust employee, agent or representative, on the one hand, and *Wyoming Catholic College* or any *Wyoming Catholic College* employee, agent or representative, on the other hand, during the period of January 1, 2021 through the date of your response to this subpoena, concerning any actual, contemplated or intended donation, anonymous or otherwise, made or to be made by or on behalf of by (sic) Paul McCown or McCown Enterprises LLC to *Wyoming Catholic College*.

*Id.*, Request No. 5 (emphasis added).

**Request No. 6:**

All documents concerning seizure warrants issued by the U.S. Marshal or the Federal Bureau of Investigation concerning any accounts owned or controlled by *Wyoming Catholic College*, or in which *Wyoming Catholic College* has or had an interest, including but not limited to documents identifying the total amount of funds seized by the U.S. Marshal or the Federal Bureau of Investigation.

*Id.*, Request No. 6 (emphasis added).

**Request No. 7:**

All documents concerning communications between Central Bank and Trust or any Central Bank and Trust employee, agent or representative, on the one hand, and *Wyoming Catholic College* or any *Wyoming Catholic College* employee, agent or representative on the other hand, during the period of January 1, 2021 through the date of your response to this subpoena, concerning Paul McCown or McCown Enterprises LLC seeking or obtaining a $15 million loan.

*Id.*, Request No. 7 (emphasis added).

**Request No. 8:**

All documents concerning communications between Central Bank and Trust or any Central Bank and Trust employee, agent or representative, on the one hand, and *Wyoming Catholic College* or any *Wyoming Catholic College* employee, agent or representative on the other hand, during the period of January 1, 2021 through the date of your response to this subpoena, concerning *Wyoming Catholic College's* receipt of funds obtained in a transaction alleged to have been fraudulent.

*Id.*, Request. No. 8 (emphasis added).

4. In addition, the Subpoena made six (6) additional requests for similar information from Susan Gleason ("Ms. Gleason"). Upon information and belief, the Plaintiff has served a similar subpoena on Ms. Gleason as well.

5. Given the substantial privacy interests implicated, and the scope and breadth of the requested information, counsel for CB&T conferred in good faith with Plaintiff's Wyoming and New York counsel to inform counsel of its concerns regarding the Subpoena, as well as its obligations to third party individuals and entities banking at CB&T. Plaintiff's counsel, both in the Second Motion and telephonically, indicated that counsel would grant reasonable courtesies where recipients needed more time, *see* Second Motion, p. 6, ¶ 11, however, undersigned counsel has not heard back from Plaintiff's counsel. Accordingly, out of an abundance of caution, CB&T files its Motion so as to preserve its rights.

## REQUESTED RELIEF

6. By and through this Motion, CB&T respectfully requests the Court enter an order quashing the Subpoena pursuant to FED. R. CIV. P. 45(c)(3)(A)(iii) because the Subpoena (i) seeks disclosure of confidential and proprietary information from CB&T; (ii) constitutes an undue burden on CB&T; (iii) seeks to circumvent the Court's Order denying additional discovery directed at the College; and (iv) because the Plaintiff has served a separate subpoena upon Ms.

4

Gleason, which will allow the Plaintiff to receive the requested information from Ms. Gleason instead of CB&T.

## DISCUSSION

### A.  THE SUBPOENA SEEKS THE DISCLOSURE OF CONFIDENTIAL AND PROPRIETARY INFORMATION

7.  FED. R. CIV. P. 45 governs the procedure for obtaining discovery from non-parties to litigation, and provides mechanisms to protect non-parties from invasive and overly burdensome subpoenas.  *See* FED. R. CIV. P. 45(d).  Specifically, FED. R. CIV. P. 45(d)(3)(A) indicates that, "[o]n timely motion, the court for the district where compliance is required *must* quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . ."  FED. R. CIV. P. 45(d)(3)(A)(iii) (emphasis added).

8.  Here, the Subpoena seeks numerous categories of documents which are protected because they implicate confidential and proprietary banking information of third parties.  More specifically, the Subpoena makes fourteen (14) requests for production of documents, eight (8) of which seek confidential information with respect to the College.  The balance of the Requests also seek equally confidential materials as they relate to Ms. Gleason.  *See, e.g.*, Ex. A, Request No. 5 (communications between CB&T and the College regarding potentially anonymous donations to the College); Request No. 6 (documents related to seizure warrants issued by the U.S. Marshal or the Federal Bureau of Investigation); Request No. 7 (communications with the College relating to a loan obtained by Paul McCown or McCown Enterprises LLC); Request No. 8 (communications between CB&T and the College "concerning [the College's] receipt of funds obtained in a transaction alleged to have been fraudulent.").

9.  These Requests are unreasonable and subject CB&T to providing third-party confidential and private banking information to the Plaintiff without the consent of the third party.

5

115204014.2

Indeed, the Subpoena is seeking information related to all transfers from the College since May 11, 2021. *See* Ex. A, Request No. 1. This Request alone could implicate a substantial number of transfers that likely would expose private and confidential third-party banking information and transactions. The Requests also seek all documents concerning communications between CB&T and the College related to the transfers implicated by Requests Nos. 1 and 2. *Id.*, Request No. 3. As with Request Nos. 1 and 2, Request Nos. 3-8 and 9-14 would require CB&T to produce private and confidential information of non-parties to the above-captioned litigation.

10. The Subpoena inappropriately seeks the production of documents and communications that are confidential and proprietary communications between CB&T and third parties. Accordingly, an order quashing the Subpoena is appropriate.

**B.   COMPLYING WITH THE SUBPOENA WOULD SUBJECT CB&T TO UNDUE BURDEN**

11. Courts must also quash or modify a subpoena that "subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iv). "A person seeking to quash a subpoena on grounds of undue burden must prove that responding to the subpoena would be unduly burdensome." *Veroblue Farms USA, Inc. v. Wulf*, No. 1:21-cv-00016, 2021 WL 1979047, at *1 (D. Colo. May 18, 2021).

12. Here, complying with the Subpoena would constitute an undue burden on CB&T because Plaintiff's eight separate requests relating to the College are far-reaching in scope and breadth. In addition, the Subpoena seeks six additional categories of documents related to "any account" in the name of Ms. Gleason. *See* Ex. A, p. 5—6. All told, the Subpoena is seeking *fourteen* separate categories of documents.

13. It is estimated that compliance with the Subpoena would require CB&T employees to review more than 700 pages of records relating to the College and Ms. Gleason. *Affidavit of*

6

*Christopher VonHoltum*, attached as **Exhibit B**. The in-house labor associated with this task is estimated to be approximately 40 hours of review and analysis which CB&T estimates would cost approximately $4,000. *Id*.

14. In addition, CB&T's legal counsel would also need to review the documents for responsiveness, confidential information, and attorney-client privilege. This process would necessarily increase the costs of complying with the fourteen separate Requests outlined in the Subpoena.

15. Taken together, complying with Plaintiff's Subpoena would likely cost CB&T a significant amount of time, labor, and money. Under these circumstances, an order quashing the Subpoena because of undue burden is appropriate.

C. **PLAINTIFF'S SUBPOENA ATTEMPTS TO CIRCUMVENT THE COURT'S ORDER DENYING ADDITIONAL DISCOVERY REQUESTS TO THE COLLEGE BY SEEKING THE SAME INFORMATION FROM CB&T**

16. As set forth above, on July 27, 2021 this Court entered the Second Order on Plaintiff's Second Motion. In consideration of Plaintiff's Second Motion, the Court stated that "Plaintiff has not sufficiently identified why certain non-parties who have already received document subpoenas should be served with additional document subpoenas." Second Order, p. 1. Thus, the Court declined to "authorize additional expedited discovery requests to the non-parties who have previously received document subpoenas." *Id.*

17. Nevertheless, Plaintiff seeks to end-run around the Court's Second Order by issuing a Subpoena to CB&T requesting what appears to be any and all communications and documents in its possession related to the College, including all of its confidential and private banking information. Indeed, the Subpoena makes numerous requests for information best obtained from the College directly, or, in the alternative, through Paul McCown or McCown Enterprises, LLC—

7

115204014.2

actual parties to the underlying litigation. This type of overreaching should not be permitted, especially because this Court has previously denied the Plaintiff's request to submit additional subpoenas to the College. Plaintiff has had its opportunity to issue expedited requests to the College; its failure to request information similar to that which is being sought in the Requests should not now become CB&T's burden and expense.

## CONCLUSION

Accordingly, non-party Central Bank & Trust respectfully requests this Court grant its Motion and enter an order quashing the Subpoena and enter such other and further relief as the Court deems appropriate.

Respectfully submitted this 10th day of August, 2021.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

*/s/ Chad S. Caby*
Chad S. Caby, 7-5457
1200 17th Street, Suite 3000
Denver, CO  80202-5855
Tel:       (303) 623-9000
Fax:       (303) 623-9222
Email:    ccaby@lewisroca.com

*Counsel for Central Bank & Trust*

115204014.2

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 10, 2021 a true and correct copy of the foregoing **MOTION TO QUASH SUBPOENA** was electronically filed and served via CM/ECF to the following:

Stuart R. Day, Esq.
Ryan J. Schwartz, Esq.
Ryan L. Ford, Esq.
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
PO Box 10700
Casper, Wyoming 82602
(307) 265-0700
sday@wpdn.net
rschwartz@wpdn.net
rford@wpdn.net

Steven R. Popofsky, Esq.
Pamela A. Frederick, Esq.
KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.
500 Fifth Avenue
New York, New York 10110
(212) 880-9882
SPopofsky@kkwc.com
PFrederick@kkwc.com

Matthew Schneider
Honigman, LLP
5335 Wisconsin Avenue, NW
Suite 440
Washington, District of Columbia 20015
mschneider@honigan.com


          *s/ Jennifer Eastin*
          OF LEWIS ROCA ROTHGERBER CHRISTIE LLP