v. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Wyoming

| | |
|---|---|
| RIA R SQUARED, INC.<br>*Plaintiff*<br>v.<br>PAUL D. MCCOWN, MCCOWN ENTERPRISES, LLC<br>*Defendant* | Civil Action No. 21-CV-125-S |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Central Bank and Trust, R/A William P Von Holtum, 285 Main St., Lander, WY 82520

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached hereto.

| Place: Williams, Porter, Day & Neville, PC<br>159 N. Wolcott, Suite 400<br>Casper, WY 82601 | Date and Time:<br>08/10/2021 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 29, 2021

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ria R Squared, Inc.
, who issues or requests this subpoena, are:

Stuart Day, sday@wpdn.net, Ryan Schwartz, rschwartz@wpdn.net, 307-265-0700

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Exhibit A**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

**Exhibit A**

# **EXHIBIT A**

## to

### *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action –*

### *Central Bank and Trust*

*Ria R Squared, Inc. v. Paul D. McCown, McCown Enterprises, LLC*;
Civil No. 21-CV-125-S

**You Are Commanded to Produce the Following Documents, Electronically Stored Information, or Objects, and to Permit Inspection, Copying, Testing, or Sampling of the Material:**

**You Are Commanded to Produce the Following Documents, Electronically Stored Information, or Objects, and to Permit Inspection, Copying, Testing, or Sampling of the Material:**

1. All documents concerning any transfers received by Central Bank and Trust between May 11, 2021 and the date of the response to the subpoena, from any account at Notre Dame Federal Credit Union in the name of Wyoming Catholic College, including but not limited to documents identifying (i) the date and amount of each such transfer; (ii) the account number and name and address of the entity to which each such transfer was made; (iii) the recipient(s) of each such transfer; and (iv) the stated purpose, if any, of each such transfer.

2. All documents concerning any subsequent transfers of any funds received as set forth in Request No. 1 above, including but not limited to documents identifying (i) the date and amount of each such transfer out; (ii) the name and address of the recipient or payee of each such transfer out; (iii) the account number and name and address of the bank or other entity to which each such transfer out was made, (iv) the name of the individual who directed each such transfer out, and (v) the stated purpose, if any, of each such transfer out.

3. All documents concerning communications between Central Bank and Trust or any Central Bank and Trust employee, agent or representative, on the one hand, and Wyoming Catholic College or any Wyoming Catholic College employee, agent or representative on the other hand, during the period of January 1, 2021 through the date of your response to this subpoena, concerning any of the transfers addressed in Request Nos. 1 and 2 above.

4. All monthly account statements covering the period of January 1, 2021 through the date of your response to this subpoena for any accounts owned or controlled by Wyoming Catholic College, or in which Wyoming Catholic College has or had an interest.

5. All documents concerning communications between Central Bank and Trust or any Central Bank and Trust employee, agent or representative, on the one hand, and Wyoming Catholic College or any Wyoming

**Exhibit A**

Catholic College employee, agent or representative, on the other hand, during the period of January 1, 2021 through the date of your response to this subpoena, concerning any actual, contemplated or intended donation, anonymous or otherwise, made or to be made by or on behalf of by Paul McCown or McCown Enterprises LLC to Wyoming Catholic College.

6. All documents concerning seizure warrants issued by the U.S. Marshal or the Federal Bureau of Investigation concerning any accounts owned or controlled by Wyoming Catholic College, or in which Wyoming Catholic College has or had an interest, including but not limited to documents identifying the total amount of funds seized by the U.S. Marshal or the Federal Bureau of Investigation.

7. All documents concerning communications between Central Bank and Trust or any Central Bank and Trust employee, agent or representative, on the one hand, and Wyoming Catholic College or any Wyoming Catholic College employee, agent or representative on the other hand, during the period of January 1, 2021 through the date of your response to this subpoena, concerning Paul McCown or McCown Enterprises LLC seeking or obtaining a $15 million loan.

8. All documents concerning communications between Central Bank and Trust or any Central Bank and Trust employee, agent or representative, on the one hand, and Wyoming Catholic College or any Wyoming Catholic College employee, agent or representative on the other hand, during the period of January 1, 2021 through the date of your response to this subpoena, concerning Wyoming Catholic College's receipt of funds obtained in a transaction alleged to have been fraudulent.

9. All documents concerning any transfers of $2,000 or otherwise received by Central Bank and Trust, on or about June 22, 2021 or thereafter, from an account at Robert W. Baird and Company bearing an account number ending in 0746 in the name of Susan Gleason, including but not limited to documents identifying (i) the date and amount of each such transfer; (ii) the account number and name and address of the entity to which each such transfer was made; (iii) the recipient(s) of each such transfer; and (iv) the stated purpose, if any, of each such transfer.

**Exhibit A**

10. All documents concerning any transfers received by Central Bank and Trust, on or about June 22, 2021 or thereafter, from any account in the name Susan Gleason (excluding documents responsive to Request No. 9 above), including but not limited to documents identifying (i) the date and amount of each such transfer; (ii) the account number and name and address of the entity to which each such transfer was made; (iii) the recipient(s) of each such transfer; and (iv) the stated purpose, if any, of each such transfer.

11. All documents concerning any subsequent transfers of any funds received as set forth in Request Nos. 9 and/or 10 above, including but not limited to documents identifying (i) the date and amount of each such transfer out; (ii) the name and address of the recipient or payee of each such transfer out; (iii) the account number and name and address of the bank or other entity to which each such transfer out was made, (iv) the name of the individual who directed each such transfer out, and (v) the stated purpose, if any, of each such transfer out.

12. All documents concerning communications between Central Bank and Trust or any Central Bank and Trust employee, agent or representative, on the one hand, and Susan Gleason (or any representative thereof) on the other hand, during the period of January 1, 2021 through the date of your response to this subpoena, concerning any of the transfers addressed in Request Nos. 9 through 11 above.

13. All monthly account statements covering the period of January 1, 2021 through the date of your response to this subpoena for any accounts owned or controlled by Susan Gleason, or in which Susan Gleason has or had an interest.

14. All documents concerning seizure warrants issued by the U.S. Marshal or the Federal Bureau of Investigation concerning any accounts owned or controlled by Susan Gleason, or in which Susan Gleason has or had an interest, including but not limited to documents identifying the total amount of funds seized by the U.S. Marshal or the Federal Bureau of Investigation.