UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

```
FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2021 OCT -4 PM 12:49
MARGARET BOTKINS, CLERK
CASPER
```

RIA R SQUARED, INC., )
a Delaware corporation, )
)
*Plaintiff* )
)
v. ) Civil Action No. 21-CV-125-S
)
PAUL D. MCCOWN, and )
MCCOWN ENTERPRISES, LLC, )
)
*Defendants* )

---

# ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS

---

Defendants request the Court stay (pause) proceedings in this civil action for 90 days pending an ongoing criminal investigation against Defendant Paul McCown into the same allegations underlying the complaint. (Doc. 43.) Plaintiff opposes any stay, contending it would not provide the relief Defendants seek and would instead simply delay their right to a timely disposition of their claims. (Doc. 52.)

## LEGAL STANDARD FOR REQUESTS OF STAY

Courts hold broad discretion in managing their own dockets, which may include issuing a stay for all or part of a proceeding. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In general, stays are the exception. "The underlying principle clearly is that 'the right to proceed in court should not be denied except under the most extreme circumstances.'" *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (alterations omitted) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)).

"The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

Here, Defendants seek a stay in this civil case specifically due to the related criminal investigation. Under these circumstances, a stay of the civil proceeding may be warranted "because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995). Six factors may be considered when determining the appropriateness of such a stay:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* at 1139.

## DISCUSSION

In considering the various factors and the surrounding circumstances, the Court finds a stay is not appropriate in this case.

The issues in this civil case appear to overlap to a large extent with the ongoing criminal investigation, mostly stemming from the same alleged fraud by Defendant Paul McCown. (*Compare* Doc. 1 *with* Doc. 43-1.) Defendants have not been indicted or charged criminally at this time, though, and "stays will generally not be granted before an indictment is issued." *Transworld Mech.*, 886 F. Sup. At 1139. The lack of any current criminal charges means the interests of the court and the public weigh in favor of moving forward in an expeditious

manner. Similarly, but to an even greater degree, Plaintiff holds a strong interest in the expeditious resolution of its lawsuit. The Court finds the bulk of this decision comes down to Defendant Paul McCown's interest in retaining his Fifth Amendment protection against self-incrimination.

The primary danger in entertaining simultaneous and overlapping proceedings is placing a defendant in "the quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil case." *Transworld Mech.*, 886 F. Supp. at 1140. That is, the

> ultimate question … is whether the court should exercise its discretion in order to avoid placing the defendants in the position of having to choose between risking a loss in their civil cases by invoking their Fifth Amendment rights, or risking conviction in their criminal cases by waiving their Fifth Amendment rights and testifying in the civil proceedings.

*Hilda M. v. Brown*, No. 10-CV-02495-PAB-KMT, 2010 WL 5313755, at *2 (D. Colo. Dec. 20, 2010) (quoting *In Cruz v. County of Dupage*, 1997 WL 370194, at *1 (N.D. Ill. June 27, 1997)). Here, Defendants already filed an answer to Plaintiff's complaint where they invoked the Fifth Amendment privilege against self-incrimination a number of times in response to Plaintiff's allegations.[1] (Doc. 42.) Thus, Defendant Paul McCown has already chosen to risk the loss in this civil case by exercising his Fifth Amendment right in order to avoid risking conviction in the any criminal action. At this point, the Court cannot "exercise its discretion in order to avoid placing [Defendant Paul McCown] in the position of having to choose[.]" That time

---

[1] A corporate defendant (such as Defendant McCown Enterprises, LLC here) may not assert the Fifth Amendment protection against self-incrimination, but the protection "may in effect be extended to corporate defendants where its individual representatives may be implicated in the alleged wrongdoing." *Hilda M. v. Brown*, No. 10-CV-02495-PAB-KMT, 2010 WL 5313755, at *4 (D. Colo. Dec. 20, 2010).

has passed. A stay of proceedings now cannot protect that which Defendants seek to protect. At this point at least, the Defendants' interests in a stay are not particularly weighty and do not overcome Plaintiff's interest in securing "the just, speedy, and inexpensive determination of" this proceeding. Fed. R. Civ. P. 1. Defendants have not carried their burden of establishing a stay is needed and appropriate in this case.

## CONCLUSION AND ORDER

The various factors and current circumstances of this case do not support a stay of proceedings. If Defendants believe the calculus changes in the future, *e.g.*, in response to discovery requests, they may renew their request for a stay at that time.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Stay (Doc. 43) is **DENIED**.

DATED: October __1st__, 2021.

/s/ Scott W. Skavdahl
Scott W. Skavdahl
United States District Judge