Jason M. Tangeman, WSB No. 6-3082
NICHOLAS & TANGEMAN, LLC
P.O. Box 928; 170 N. 5th St.
Laramie, WY 82073
(307) 742-7140
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

RIA R SQUARED, INC.,
a Delaware corporation

*Plaintiff,*

v.

PAUL D. MCCOWN, and
MCCOWN ENTERPRISES, LLC,

*Defendants.*

Case No. 21-CV-125-S

**OPPOSITION AND RESPONSE TO
MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW Defendants, Paul D. McCown and McCown Enterprises, LLC, by and through counsel, Jason M. Tangeman, of Nicholas and Tangeman, LLC, and hereby opposes and objects to the *Plaintiff's Motion for Partial Summary Judgment – Fraud* and *Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment - Fraud* for the following reasons:

**A. <u>INTRODUCTION</u>.**

The Plaintiff has alleged eight (8) claims including a preliminary injunction, breach of contract, piercing the corporate veil, fraud (intentional and in the inducement), negligent misrepresentation, fraudulent transfer and/or conveyance, breach of the covenant of good faith and fair dealing and punitive damages. The Plaintiff only moves for summary judgment on Count VI of its Complaint – Fraudulent Transfer and/or Conveyance. The Plaintiff further seeks a Judgment against the Defendants, jointly and severally, in the amount of $14.7 million dollars.

In August of 2021 Defendants moved for a stay of these civil proceedings (Doc 43) on the basis that there was a companion federal criminal investigation/prosecution afoot based largely on the same allegations. The motion for stay was couched in Mr. McCown's constitutional right against self-incrimination pursuant to the Fifth Amendment.

Mr. McCown had not yet waived his constitutional right to remain silent in the criminal proceedings, had invoked the same in response to the civil Complaint and may do so in response to any future written discovery or deposition in these proceedings. The idea was that a ninety (90) day stay might afford more time for the criminal prosecution to proceed and bring clarity as how to proceed in the civil case. Specifically, if Mr. McCown entered into a plea agreement with the government he could then move forward with the civil prosecution and assert defenses on the merits where they might remain. For example, questions surrounding damages, interest, attorney's fees, costs and offset/setoff in the form of money's seized by the government.

On October 1, 2021, the Court denied the Motion for Stay. (Doc 54). The denial was based upon Mr. McCown's invocation of his Fifth Amendment right in answering the Complaint and that he had already made a "choice" which a stay might otherwise temporarily resolve. Regardless, the Court also afforded Defendants leave to renew the request for stay if "the calculus changes in the future, . . ." (Doc. 54). The example given by the Court was "in response to discovery requests.," (Doc. 54).

It is unknown why the United States has not moved more expeditiously against Mr. McCown. Lamentably, the status quo remains and Mr. McCown continues to assert his Fifth Amendment right to remain silent. It is in this context, the Plaintiff is asking for a pre-discovery partial summary judgment, including an actual monetary Judgment, on a claim that requires clear and convincing proof. As discussed below, multiple legal challenges make a partial summary judgment inappropriate at least at this stage of the proceedings.

**B. <u>STANDARD OF REVIEW</u>.**

Federal Rule of Civil Procedure 56(a) provides that "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Vitkus v. Beatrice, Co.*, 11 F.3d 1535, 1538 (10th Cir. 1993.) The Court "must view the record in a light

most favorable to the parties opposing the motion for summary judgment." *Id.* at 1539 *citing Deepwater Invs., Ltd v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir.1991).

"To be a "genuine" factual dispute, there must be more than a mere scintilla of evidence." *Id.* In this context, "[t]o avoid summary judgment, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Id. citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) "Summary judgment may be granted if the evidence is merely colorable or is not significantly probative." *Id.* (citations omitted).

**C. BURDEN OF PROOF.**

The moving party bears the initial burden of showing that there is an absence of any issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Hicks v. Watonga*, 942 F.2d 737, 743 (10th Cir.1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that there are genuine issues for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991). "However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).

"Fraud is never presumed, and must be established by clear and convincing evidence that the person charged with fraud had a specific intent to defraud." *Gibson v. Weyerhaeuser Co.*, 35 F. App'x 834, 837 (10th Cir. 2002).

**D. GENUINE ISSUES OF MATERIAL FACT IN DISPUTE.**

Plaintiff's motion does not set out a "statement of all the material facts as to which the movant contends no genuine issue exists" as required by U.S.D.C.L.R. 7.1 (b)(2)(D). As such, Defendants cannot cite with particularity by paragraph number which genuine issues of material fact are disputed. Regardless, at this juncture, Mr. McCown continues to assert his Fifth Amendment right to remain silent and cannot substantively respond to the allegations contained in the affidavits in support of the motion for partial summary judgment. For purposes of this *Opposition and Response*, Defendants argue procedurally a summary judgment is simply not ripe for adjudication and a genuine issue of material fact is in dispute as to the request for $14.7 million in damages as discussed in more detail below.

**E. <u>DISCUSSION</u>.**

1. *Partial summary judgment is premature.*

The initial pretrial conference in this matter is scheduled for Wednesday, January 18, 2022. The parties have not engaged in formal discovery.

Federal Rule of Civil Procedure 56 (d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

"Pre-discovery motions for summary judgment are rarely granted and are disfavored." *Holiday v. Progressive Ins*., No. 2:21-CV-173-DAK-DBP, 2021 WL 4307038, at *1 (D. Utah Sept. 22, 2021) *citing Patton v. General Signal Corp.*, 984 F. Supp. 666, 670 (W.D.N.Y. 1997). "The granting of summary judgment with no discovery is to be "granted only in the clearest of cases" because of the importance of discovery for all parties. *Id.; see also Miller v. Wolpoff & Abramson, L.L.P*., 321 F.3d 292, 303-4 (2d Cir. 2003) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery."); *See also Lone Star Promotions, LLC v. Abbey Lane Quilts, LLC*, No. 1:18CV73DAK, 2019 WL 2552241, at *1 (D. Utah June 20, 2019).

In this case the Plaintiff has moved for a partial summary judgment on claims that require clear and convincing evidence and not a mere preponderance. "[S]ummary judgment should be considered skeptically in cases alleging fraudulent inducement, because the issues typically turn on the parties' credibility as to their state of mind. *Century Pac., Inc. v. Hilton Hotels Corp., 528 F. Supp. 2d 206, 219–20 (S.D.N.Y. 2007), aff'd, 354 F. App'x 496 (2d Cir. 2009) citing Sound Video Unlimited, Inc. v. Video Shack Inc.,* 700 F.Supp. 127, 135 (S.D.N.Y.1988) (denying summary judgment on fraud claim because factual issue of defendants' intentions at time of transaction "hinges upon the credibility of the various parties"); *ACLI Int'l Commodity Servs., Inc. v. Banque Populaire Suisse,* 609 F.Supp. 434, 449 (S.D.N.Y.1984) ("summary judgment should be cautiously invoked in fraudulent inducement cases, which raise issues that often turn on credibility or inference, such as intent and reliance").

Thus, the procedural posture of this motion for partial summary judgment is not only pre-discovery; but, also in the context of a claim (fraud) where a summary judgment should be viewed "skeptically." Further compounding the problem is the fact Plaintiff relies, in part, upon an adverse

inference derived from Mr. McCown's assertion of his Fifth Amendment right to remain silent in support of its motion. Mr. McCown has denied some of the allegations and asserted affirmative defenses thereto. In addition, as a matter of circumstantial evidence an inference is just that – an inference which any reasonable jury may choose to disregard under the totality of the circumstances.

Defendants concede that no affidavit or declaration as contemplated by FRCP 56 (d) is attached to this opposition. Regardless, the Court left the door open regarding the possibility of revisiting the stay. This fact coupled with the intent of FRCP 56 (d) mitigates in favor of denying the motion for partial summary judgment at least at this stage of the proceedings.

2. *An adverse inference cannot be presumed against McCown Enterprises, LLC.*

Citing, *Rad Servs., Inc. v. Aetna Cas. & Sur. Co.*, 808 F.2d 271 (3d Cir. 1986), Plaintiff argues that the adverse inference against Mr. McCown individually must be imputed to McCown Enterprises, LLC as a matter of law. This is an overstatement of *Rad Services*.

In *Rad Services* the Court only held that it is not *per se* error to impute an adverse inference to a corporate entity. The Court found it was instead a detailed, fact specific inquiry. *Rad Servs., Inc.* at p. 277. The Wyoming Supreme Court has admonished litigants that although an adverse inference may be drawn against a party who invokes their constitutional right to remain silent in a civil context, it cannot be imputed to civil co-defendants. *Matter of GGMC*, 2020 WY 50, ¶ 31, 460 P.3d 1138, 1148 (Wyo. 2020).

In this case the Plaintiff has not specifically cited the record as to why McCown Enterprises, LLC, apart from Mr. McCown, is seperately liable for the fraud. Moreover, in light of *GGMC*, it is questionable whether Mr. McCown's silence can be imputed to Enterprise at all.

3. *The Plaintiff makes no cogent argument or citation to authority as to joint and several liability.*

In its Motion and prayer for relief the Plaintiff requests any Judgment be entered against the Defendants jointly and severally. The Plaintiff makes no citation to the record or legal argument in the context of their fraud claims. On this basis alone the request for relief should be denied.

The concept of "joint and several" liability on a breach of contract claim is certainly available under Wyoming law. *See e.g., Ultra Res., Inc. v. Hartman*, 2010 WY 36, ¶ 143, 226 P.3d 889, 933-9344 (Wyo. 2010). However, as is made clear by the *Ultra Resources* opinion cited

above, this inquiry is driven by the plain language of the instrument and the intent of the parties. The Plaintiff has not moved for summary judgment on its breach of contract claims and made no joint and several analysis in that context.

4. *A summary judgment is inappropriate as to $14.7 million in damages*.

The Plaintiff requests a $14.7 million Judgment against the Defendants which was the amount of money actually transferred by wire of Mr. McCown's Lander bank. Defendants argue that this is their actual damages. However, paragraphs 16 (a-h) of Mr. David Lang's affidavit are an itemization of the money which Plaintiff Mr. McCown stole. (Doc 61-1 at pp. 5-6 of 107) Adding up the amounts in paragraphs 16 (a-h) the total is only $14,016,863, nearly $700,000 less than requested as damages. (Id.)

Nowhere in any of the affidavits in support of the motion for partial summary judgment is the actual amount loss by the Plaintiff alleged. In short, there is no competent evidence in the record of actual damages. At this juncture it is unknown how much money the Plaintiff has recovered whether it is from the Lander bank and the original loan itself or from third-parties – including the United States. On this basis there is a genuine issue of material fact in dispute at least as to damages.

**F. CONCLUSION.**

It is unclear why the Plaintiff is seeking to bifurcate these proceedings to later address its other six (6) remaining claims as well as punitive damages, fees, costs and interest. This bifurcated approach is a waste of judicial resources. A more economical approach would to be to deny the current motion for partial summary judgment and allow this matter to proceed to formal discovery.

DATED this 17th day of January 2022.

/s/ Jason M. Tangeman
Jason M. Tangeman, WSB # 6-3082
Nicholas & Tangeman, LLC

170 North Fifth Street, P. O. Box 928
Laramie, WY 82073-0928
Phone: (307) 742-7140
Fax: (307) 742-7160

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record in this matter registered with the ECF system.

/s/ Jason M. Tangeman_______________