

FILED

2:59 pm, 1/19/22

U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RIA R. SQUARED, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>PAUL D. MCCOWN and MCCOWN ENTERPRISES, LLC,<br><br>　　　　　Defendant. | Case No.  21-CV-125-S |

## ORDER ON INITIAL PRETRIAL CONFERENCE

On January 19, 2022, the Honorable Kelly H. Rankin, United States Magistrate Judge for the District of Wyoming, held an initial pretrial conference in the above-entitled matter. Counsel participating were Ryan Ford, Stuart Day, Pamela Frederick, and Steven Popofsky for Plaintiff and Jason Tangeman for Defendants. After hearing from the parties, the Court set forth the following trial schedule.

**JURISDICTION AND VENUE —**

The Court has jurisdiction over both the parties and the subject matter of this action, and venue is properly in the United States District Court for the District of Wyoming.  Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**CONSENT TO TRIAL BY MAGISTRATE JUDGE —**

The parties are all aware of the provisions of 28 U.S.C. § 636(c) and U.S.D.C.L.R. 73.1(a), and acknowledge that this case will proceed before the District Judge assigned hereto, and not before the Magistrate Judge. However, the parties are not precluded from consenting to trial before a Magistrate Judge anytime sixty (60) days prior to the trial date.

**CLAIMS AND DEFENSES —**

This case is before the Court on Plaintiff's claims of fraud. Plaintiff R Squared is a global alternative asset manager, of which Mr. David Kang serves as the President and Chief Executive Officer. An affiliate of R Squared, operated by Mr. Kang, was introduced to Defendant Mr. McCown, in his capacity as Chief Financial Officer of the Wyoming Catholic College. Plaintiff asserts Mr. McCown, individually and as a Managing Member and/or sole interest holder of co-defendant McCown Enterprises, LLC, intentionally falsified documents to present himself as a legitimate investor worth millions of dollars. Based upon that misrepresentation, Plaintiff provided Mr. McCown with a $15 million loan thought to be needed for an outstanding business invoice within Mr. McCown's business. However, after receiving the money, Mr. McCown transferred it to various recipients, the largest sum being donated to the Wyoming Catholic College. After attempted communication with Mr. McCown and accelerating the loan to no avail, Plaintiff brought suit in this Court seeking a preliminary injunction and making claims for breach of contract, piercing the corporate veil, fraud in the inducement and intentional or negligent misrepresentation, fraudulent transfer and/or conveyance, breach of the covenant of good faith and fair dealing, and a claim for punitive damages.

Defendants Mr. McCown and McCown Enterprises, LLC, assert the Fifth Amendment privilege against self-incrimination, thereby denying the allegations within the Complaint. Defendants also assert various affirmative defenses including failure to state a claim, the doctrines of accord, satisfaction, release and/or payment, the doctrines of laches, waiver, and/or estoppel, lack of consideration, and mootness.

**COMPLEXITY OF THE CASE —**

The undersigned Judge is of the opinion that this is a non-complex case.

**RULE 26(F) SCHEDULING CONFERENCE —**

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

**SELF-EXECUTING ROUTINE DISCOVERY —**

The parties have completed self-executing routine discovery exchanges as required by U.S.D.C.L.R. 26.1(b).

Pursuant to the January 24, 2014 General Order Regarding Discovery Motions, available at http://www.wyd.ucourts.gov/htmlpages/genorders.html, the parties shall confer regarding any discovery dispute, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact Judge Rankin's Chambers prior to filing any written discovery motions.

THE PARTIES HAVE A CONTINUING DUTY TO SUPPLEMENT OR CORRECT ALL DISCOVERY DISCLOSURES OR RESPONSES IN ACCORDANCE WITH FED. R. CIV. P. 26(a) AND U.S.D.C.L.R. 26.1(c).

**PROPOSED ORDERS** —

All proposed orders regarding dispositive motions filed in this matter should be submitted to Judge Skavdahl's chambers in Word or WordPerfect format and emailed to *wyojudgesws@wyd.uscourts.gov*.

All proposed orders regarding non-dispositive motions should be submitted to Judge Rankin's chambers in a Word or WordPerfect format and emailed to *wyojudgekhr@wyd.uscourts.gov.*

**AMENDMENT TO THE PLEADINGS — March 11, 2022**

Any motions to amend the pleadings shall be filed on or before March 11, 2022.

**EXPERT WITNESS DESIGNATION** —

**Plaintiff Designation Deadline — June 20, 2022**

**Defendant Designation Deadline — July 20, 2022**

In accordance with U.S.D.C.L.R. 26.1(e), Plaintiff shall designate expert witnesses, with the exception of attorneys' fees expert, and provide Defendant with a complete summary of the testimony of each expert by June 20, 2022. Should the bench trial result in a judgment in favor of Plaintiff, the Court shall set forth a deadline for Plaintiff to designate an attorneys' fees expert and may the Court may require scheduling another hearing to address the attorneys' fees issue. PLAINTIFF'S DESIGNATION SHALL ALSO INCLUDE THE DESIGNATION OF ALL TREATING MEDICAL AND MENTAL HEALTH PROVIDERS WHO MAY OR WILL BE CALLED TO TESTIFY AT TRIAL IN PART OR IN FULL AS AN EXPERT WITNESS.  In accordance with U.S.D.C.L.R. 26.1(e), Defendant shall designate expert witnesses and provide the Plaintiff with a complete summary of the testimony of each expert by July 20, 2022.  These summaries SHALL include a comprehensive statement of the expert's

opinions and the basis for the opinions. *See Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir. 1980). This expert designation does not satisfy the obligation to provide an expert report under Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiff may depose Defendant's experts after the discovery cutoff date, but must complete the depositions **fourteen (14) days** PRIOR to the final pretrial conference.

THE PARTIES SHALL SERVE UPON ONE ANOTHER, <u>AND FILE WITH THE COURT</u>, THEIR WRITTEN EXPERT AND SUMMARY REPORTS PURSUANT TO FED. R. CIV. P. 26(a)(2)(B) and (C).

<u>In cases where treating medical or mental health providers, including vocational rehabilitation specialists, may or will be called to testify at trial in part or in full as an expert witness, the party calling that witness SHALL designate that medical or mental health provider as an expert witness</u>.

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation. U.S.D.C.L.R. 26.1(e).

**LISTING OF OTHER WITNESSES — August 19, 2022**

The parties shall list all other witnesses that may be called at trial, other than the witnesses already identified in the initial disclosures and the expert witnesses to be designated as set forth above, on or before August 19, 2022. Such listing of witnesses shall include the

name, address, and a summary of the expected testimony of each witness. Copies of such witness lists shall be filed with the Court. Witnesses not listed will be prohibited from testifying, absent consent of the Court for good cause shown. Testimony not reasonably set out in the summary may be disallowed on motion of the opposing party.

**DISCOVERY CUTOFF DATE — October 3, 2022**

The discovery cutoff date is October 3, 2022. All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date. Subject to the limitations set forth in Fed. R. Civ. P. 32, trial depositions may be taken up to **seven (7) days** prior to the trial date.

**DISPOSITIVE MOTIONS AND *DAUBERT* CHALLENGES[1] —**

**Filing Deadline – October 3, 2022**

**Response Deadline – October 17, 2022**

**Dispositive Motions Hearing – November 1, 2022 at 1:00 p.m.**

The deadline for the parties to file all dispositive motions and *Daubert* challenges together with briefs and materials in support thereof is October 3, 2022. The parties shall file responsive briefs and materials on or before October 17, 2022. The parties shall strictly comply with all provisions of U.S.D.C.L.R. 7.1.

---

[1] A *"Daubert* Challenge" refers to those challenges made to the validity or admissibility of an expert's opinion testimony based upon the requirements under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

IF A DISPOSITIVE MOTION AND/OR *DAUBERT* CHALLENGE IS FILED EARLIER THAN THE ABOVE SCHEDULED DATE, THE RESPONDING PARTY MUST RESPOND IN ACCORDANCE WITH U.S.D.C.L.R. 7.1.

The dispositive motions are hereby set for oral hearing before the Honorable Scott W. Skavdahl on November 1, 2022, at 1:00 p.m. in the Ewing T. Kerr Courthouse in Casper, Wyoming.

**STIPULATIONS AS TO FACTS — November 3, 2022**

The parties shall exchange proposals for stipulations as to facts in accordance with U.S.D.C.L.R. 16.1(b). The parties shall then confer and file with the Court their stipulations as to the facts in three (3) packets: packet #1 shall be those facts to which both parties agree, packet #2 shall include the facts to which Plaintiff seeks to stipulate and Defendant does not, and packet #3 shall include the facts to which Defendant seeks to stipulate and Plaintiff does not. The parties shall file these packets with the Court by November 3, 2022.

**MOTIONS IN LIMINE —**

**Filing Deadline – November 3, 2022**

**Response Deadline – November 10, 2022**

Motions in Limine or motions relating to the exclusion of evidence shall be filed no later than November 3, 2022. Responses shall be filed no later than November 10, 2022. Unless otherwise determined, the Court will rule on any motions in limine at the final pretrial conference.

**FINAL PRETRIAL CONFERENCE — November 17, 2022 at 1:00 p.m.**

A final pretrial conference in this matter has been scheduled for 1:00 p.m. on November 17, 2022, at the Ewing T. Kerr Courthouse in Casper, Wyoming before the Honorable Scott W. Skavdahl.  Counsel for the parties shall appear in person.

BEFORE THE CONFERENCE, COUNSEL FOR REPRESENTED PARTIES ALL MUST AGREE UPON, PREPARE, AND SIGN A JOINT PROPOSED FINAL PRETRIAL ORDER PREPARED FOR JUDGE SKAVDAHL'S SIGNATURE IN THE FORMAT PROVIDED ON THE DISTRICT COURT WEBSITE UNDER CIVIL FORMS.  THIS FORM WILL TAKE THE PLACE OF A FINAL PRETRIAL MEMORANDUM.  If you cannot locate the form, please contact Judge Skavdahl's chambers.  All represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order.  A copy of the proposed order must be delivered directly to Judge Skavdahl's chambers (but not filed) via e-mail to *wyojudgesws@wyd.uscourts.gov* or by U.S. Mail at least **seven (7) days** before the final pretrial conference.

**WITNESS AND EXHIBIT LISTS MUST BE EXCHANGED BY THE PARTIES (BUT NOT FILED) AT LEAST TEN (10) DAYS BEFORE THE FINAL PRETRIAL CONFERENCE.**  Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the form order.  The parties are not required to list rebuttal witnesses or impeachment exhibits.

COPIES OF ALL EXHIBITS AS TO WHICH THERE MAY BE OBJECTIONS MUST BE BROUGHT TO THE FINAL PRETRIAL CONFERENCE.  If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order.  EXHIBITS MUST BE

PREPARED FOR THE FINAL PRETRIAL CONFERENCE AND FOR TRIAL IN ACCORDANCE WITH THE FOLLOWING INSTRUCTIONS:

    *A. Marking of Exhibits*: All exhibits must be marked by the parties before trial. The plaintiff(s) shall list and mark each exhibit with numerals and the number of the case, and counsel for the defendant(s) shall mark each exhibit intended to be offered with letters and the number of the case, e.g., Civil No._____, Plaintiff's Exhibit 1; Civil No. _____, Defendant's Exhibit A.  In the event there are multiple parties, "plaintiff" or "defendant" and the surname or abbreviated names of the parties shall proceed the word "Exhibit," e.g., Defendant Jones Exhibit A, Defendant Smith Exhibit A, etc.

    *B. Elimination of Duplicate*.  The parties should compare the exhibits and eliminate duplicates.  If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the plaintiff(s).

    *C. Copies for the Court*.  Before trial, each party must supply the Court with <u>one (1) hard copy and one (1) electronic/digital copy</u> of all exhibits to be used at trial. The hard copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

**EXHIBIT LISTS** — The parties' exhibit lists are to be prepared in the following format:

| EXHIBIT NO. | DESCRIPTION | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY A, B, C | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|
| | | (e.g. *****.pdf) | | | | |
| | | (e.g. *****.jpeg) | | | | |
| | | | | | | |

\* This column is for use by the trial judge at trial.

The following categories are to be used for objections to exhibits:

**Category A**. These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

**Category B**. These exhibits are objected to on grounds other than foundation, identification, or authenticity. This category should be used for objections such as hearsay or relevance.

**Category C**. These exhibits are objected to on grounds of foundation, identification, or authenticity. This category should not be used for other grounds, such as hearsay or relevance. Failure to indicate objections to foundation shall be deemed to be a waiver of objections as to foundation for listed exhibits. Any party establishing foundation over objection may move for attorney fees and costs necessary to establish the foundation.

ANY COUNSEL REQUIRING AUTHENTICATION OF AN EXHIBIT MUST SO NOTIFY THE OFFERING COUNSEL IN WRITING WITHIN **FIVE (5) BUSINESS DAYS** AFTER THE EXHIBIT IS MADE AVAILABLE TO OPPOSING COUNSEL FOR EXAMINATION. Failure to do so is an admission of authenticity.

ANY EXHIBIT NOT LISTED ON THE EXHIBIT LISTS IS SUBJECT TO EXCLUSION AT TRIAL. THE COURT MAY DEEM ANY OBJECTION NOT STATED ON THE EXHIBIT LIST AS WAIVED.

**JURY EVIDENCE RECORDING SYSTEM (JERS)** —

The Court is implementing a new system for electronic submission of exhibits to the jury (or to the Court in the case of a bench trial). The jury evidence recording system (JERS) allows jurors to review evidence (documentary, photo, or video exhibits) on a large plasma screen during deliberations. Attorneys should provide their trial exhibits in electronic format on a USB drive, DVD, or CD to the office of the Clerk of Court a minimum of **seven (7) days** prior to the start of trial.

All electronic evidence should be provided using the following formats:

- Documents and Photographs:  .pdf, .jpg, .bmp, .tif, .gif
- Video and Audio Recordings:  .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Regarding the file size of electronic evidence, <u>individual files should not exceed 500MB</u>.  If possible, exhibits approaching or exceeding this size limit should be separated into multiple files.  Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office.

**WITNESS LISTS** —

The parties shall identify all witnesses they <u>will</u> call or <u>may</u> call and shall further identify whether each witness will testify in person, by deposition or by video tape.

<u>In bench trials</u>, Witness Statements shall be provided for expert witnesses and witnesses whose testimony involves significant technical matters, but no significant issues of credibility. <u>Witness statements shall be prepared and used at trial in accordance with Judge Skavdahl's Procedure for Presentation of Direct Testimony by Witness Statement</u>, which is available on the Court's website under forms or by contacting Judge Skavdahl's chambers.

**Bench Trial — December 12, 2022 at 9:00 a.m.**

A bench trial is set before the Honorable Scott W. Skavdahl for 9:00 a.m. on December 12, 2022, in Casper, Wyoming, and is expected to last 3 days. This case is stacked # 1 on the Court's docket. U.S.D.C.L.R. 40.1(a).

**Settlement Possibilities —**

The settlement possibilities of this case are considered by the undersigned Judge to be fair.

Dated this 19th day of January, 2022.

                                          Kelly H. Rankin
                                          United States Magistrate Judge