Stuart R. Day, WSB# 5-2244, sday@wpdn.net
Ryan J. Schwartz, WSB# 6-3611, rschwartz@wpdn.net
Ryan L. Ford, WSB# 7-4667, rford@wpdn.net
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
PO Box 10700
Casper, WY 82602
(307) 265-0700
(307) 266-2306 (facsimile)

Steven R. Popofsky, SPopofsky@kkwc.com
Pamela A. Frederick, PFrederick@kkwc.com
KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.
500 Fifth Avenue
New York, NY 10110
(212) 880-9882
(212) 986-8866 (facsimile)
*Pro-hac vice*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| RIA R SQUARED, INC.,<br>a Delaware corporation, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  21-CV-125 |
| | ) | |
| PAUL D. MCCOWN, AND | ) | |
| MCCOWN ENTERPRISES, LLC, | ) | |
| a Wyoming Limited Liability Company | ) | |
| | ) | |
| Defendants. | ) | |

## REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
## PARTIAL SUMMARY JUDGMENT - FRAUD

Plaintiff Ria R Squared, Inc. ("R Squared"), through its counsel of record, submits its

Reply Memorandum in *Support of Motion for Partial Summary Judgment - Fraud* as follows:

## PRELIMINARY STATEMENT

R Squared's motion for partial summary judgment should be granted because Defendants have wholly failed to meet their burden of raising a genuine issue of material fact. R Squared submitted an affidavit attesting to the facts of the matter, but neither Defendant, in response, rebuts or refutes any of the facts alleged by R Squared.  While Defendants attempt to invoke the protections of FRCP 56(d), they do not submit an affidavit even purporting to set forth any of the grounds thereof, thereby foreclosing the application of Rule 56(d).

Finally, Defendants' last-ditch effort to argue that the amount in damages is in dispute is meritless.  R Squared made clear in its moving papers that it is seeking $14.7 million, because that is the total amount defendants concede R Squared transferred to them based on their fraudulent representations, and R Squared has not received back any of those stolen funds from any source.  R Squared of course cannot receive, and has no intention of receiving, double recovery – any funds that may ultimately be recovered through the government's seizures will of course be credited against any outstanding judgment amount awarded by this Court.

## ARGUMENT

### DEFENDANTS FAIL TO SUBMIT ANY FACTS OPPOSING R SQUARED'S SUMMARY JUDGMENT MOTION

R Squared's motion for partial summary judgment is, in essence, unopposed.  It is well-established, and acknowledged by Defendants in their opposition memorandum ("Opposition Brief"), that the nonmoving party on a motion for summary judgment has the burden to "set forth specific facts showing that there is a genuine material issue for trial[.]" *Lopez-Bignotte v.*

*Ontivero*, 42 F. App'x 404, 408 (10th Cir. 2002). Defendants fail to meet this burden as they did not submit an affidavit attesting to any facts allegedly refuting those set forth in the moving affidavit; nor does their Opposition Brief rebut or refute even one single fact alleged by R Squared.

Rather, Defendants argue only that summary judgment cannot be based on any adverse inference resulting from Mr. McCown's assertion of his Fifth Amendment rights. Contrary to Defendants' assertion, R Squared does not now need to rely on the adverse inference (which it should be noted that this Court already concluded exists; Doc. 54) as against Mr. McCown. Like all moving parties on a motion for summary judgment, R Squared submitted, and is relying on, its affidavit (the "Kang Affidavit") that attests to the facts of this matter. Defendants had every opportunity in their opposition to "set forth specific facts showing that there is a genuine issue of fact for trial," but they have understandably failed to do so – there are no such facts – thereby warranting the granting of partial summary judgment. *Lopez-Bignotte*, 42 F. App'x at 408 ("Plaintiff failed to file a complying response to Defendants' motion for summary judgment. Specifically, Plaintiff did not file any affidavits or submit any other admissible evidence to refute the affidavits filed by Defendants in support of their motion for summary judgment"); *Pallotino v. City of Rio Rancho*, No. CIV-06-06 JEC/WDS, 2010 BL 162242, at *9 (D.N.M. July 15, 2010) (granting motion for partial summary judgment because plaintiffs "fail[ed] to refute many of the facts [alleged in the] affidavit").

That is true as to Mr. McCown and it is likewise true as to McCown Enterprises. While the Court may wish to consider the adverse inference as it relates to McCown Enterprises, the

motion is not dependent on that inference as Defendants fail to meet their burden of setting forth specific facts showing a genuine issue of fact relating to McCown Enterprises' liability either. "It is well settled in this circuit that [courts] can consider only admissible evidence in reviewing an order granting summary judgment." *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995). Unsubstantiated conclusory allegations carry no probative weight in summary judgment proceedings and do not create a genuine issue of fact. *Phillips v. Calhoun*, 956 F.2d 949, 951 n.3 (10th Cir. 1992). Defendants proffer no facts or sworn testimony to dispute McCown Enterprises' liability and only conclusively state that an adverse inference cannot be imputed to McCown Enterprises. Further, the record set forth by R Squared details how McCown Enterprises was inextricably intertwined with Mr. McCown's fraudulent conduct. (Doc. 1, pg. 6 and Doc. 61, pgs. 4-7, and the Kang Affidavit) In fact, it is undisputed and indisputable that Mr. McCown was acting within the scope of his employment with McCown Enterprises when he engaged in the fraudulent conduct perpetrated against R Squared as the promissory note was executed by Mr. McCown in his corporate capacity, and the stolen funds were sent directly to McCown Enterprises. (Kang Aff., ¶¶ 13, 15); *RAD Serv., Inc., v. Aetna Cas. & Sur. Co.*, 808 F.2d 271, 275 (3d Cir. 1986). Accordingly, partial summary judgment should be entered against McCown Enterprises as well.

### DEFENDANTS FAIL TO MEET THE REQUIREMENTS OF FRCP 56(d)

Defendants' attempt to invoke the protections of FRCP 56(d) is futile. As stated by the Defendants in their Opposition Brief, a court can deny summary judgment under FRCP 56(d) only if the "non movant shows by affidavit or declaration that, for specified reasons, it

cannot present facts essential to justify its opposition." FRCP 56(d); Opposition Brief pg. 4; *Wickware v. Manville*, 676 F. App'x 753, 769 (10th Cir. 2017) (FRCP 56(d) applies "only if the nonmoving party files an affidavit explaining why he or she cannot present facts to oppose the motion."). Defendants make the fatal flaw of failing to submit an affidavit "show[ing]" the required "specified reasons."

Instead, in an effort to gloss over their noncompliance with FRCP 56(d), they couch their opposition as a request for this Court to "revisit[ ] the stay" motion. (Opposition Brief pg. 5) They have not moved for such relief, and there would be no grounds to grant such a motion, as they cannot explain how the passage of time might allow them to mount a defense – to the contrary: Defendants say that all they are waiting for is Mr. McCown to "enter[] into a [guilty] plea agreement," which would hardly provide a defense. In any event, that does not obviate the requirements of FRCP 56(d). *Wickware*, 676 F. App'x at 769 ("[w]here a party opposing summary judgment . . . fails to take advantage of the shelter provided by [Rule 56(d)] by filing an affidavit, there is no abuse of discretion in granting summary judgment") (internal citations omitted).

## THERE IS NO DISPUTE AS TO THE AMOUNT OF DAMAGES

R Squared made clear in its moving brief ("Moving Brief") and Kang Affidavit that it is seeking "$14.7 million" in damages, the total amount which was stolen by Defendants, and which Defendants do not dispute they received. (Moving Brief pgs. 4, 14 ; Kang Aff. ¶ 15; Opposition Brief pg. 6) Defendants pretend that paragraphs 16(a)-(h) of the Kang Affidavit are "an itemization of the money which McCown stole" (Opposition Brief pg. 6), but that is

12188267.5

simply not correct.  Those paragraphs only identify transfers Mr. McCown immediately made to third-parties upon his undisputed receipt of the $14.7 million that Defendants obtained by defrauding R Squared.

It is therefore incomprehensible how Defendants can state that "there is no competent evidence in the record of actual damages" (Opposition Brief pg. 6).  To the extent Defendants argue that "it is unknown how much money the Plaintiff has recovered," the moving affidavit was clear that while the FBI "seized a substantial amount of the funds that Mr. McCown fraudulently obtained, . . . there is no assurance that R Squared will ever recover those seized funds from the government" (Kang Aff. ¶¶ 21-22).  Mr. McCown has not yet been prosecuted, nor convicted, and even if that happens R Squared has not received any guarantee from the federal government that R Squared ever will receive those funds.

To avoid any potential confusion, however, Mr. Kang has submitted a reply declaration swearing that "To date, R Squared has not recovered – from the federal government or anyone else – a single penny of the $14.7 million fraudulently obtained from us by the Defendants." (Kang Reply Declaration ¶ 4)

Furthermore, R Squared is not seeking to doubly recover, and any amount it receives (if ever) from the federal government, or from anyone else, will of course be deducted from Defendants' liability; but at this time, R Squared has been – and remains – damaged by Defendants' fraud in the amount of $14.7 million.  There is no dispute about that on this record.

## CONCLUSION

WHEREFORE, R Squared respectfully requests that this Court enter an Order:

(i) granting R Squared partial summary judgment on its claims for fraud in the inducement and intentional misrepresentation;

(ii) finding Defendants jointly and severally liable for the claims for fraud in the inducement and intentional misrepresentation;

(iii) awarding R Squared $14.7 million in damages, plus interest, against Defendants for the claims for fraud in the inducement and intentional misrepresentation; and

(iv) reserving R Squared's right to seek punitive damages on its claims for fraud in the inducement and intentional misrepresentation at a later date.

Respectfully submitted this 31st day of January, 2022.

> RIA R SQUARED, INC.,
> a Delaware corporation,
>
> *Plaintiff.*
>
> By:     */s/: Ryan L. Ford*
> Stuart R. Day, WSB# 5-2244
>        sday@wpdn.net
> Ryan J. Schwartz, WSB# 6-3611
>        rschwartz@wpdn.net
> Ryan L. Ford, WSB# 7-4667
>        rford@wpdn.net
> WILLIAMS, PORTER, DAY & NEVILLE, P.C.
> PO Box 10700
> Casper, WY 82602
> (307) 265-0700
> (307) 266-2306 (facsimile)
>
> Steven R. Popofsky,
>        SPopofsky@kkwc.com
> Pamela A. Frederick,

12188267.5

PFrederick@kkwc.com
KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.
500 Fifth Avenue
New York, NY 10110
(212) 880-9882
(212) 986-8866 (facsimile)
*Pro-hac Vice*

12188267.5

CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing pleading was served upon counsel of record via the ECF/CM Filing System (or otherwise as indicated below).

| | |
|---|---|
| Jason Tangeman | [ X] Electronic Delivery |
| Nicholas & Tangeman | ECF/CM |
| 170 N. 5th Street | [   ] Fax |
| Laramie, WY 82073-0928 | [   ] Overnight Delivery |
| | [   ] U.S. Mail |
| | [   ] e-mail to: |

By:    */s/: Ryan L. Ford*

12188267.5