FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2022 MAR -8 AM 10: 10

MARGARET BOTKINS, CLERK
CASPER

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| RIA R SQUARED, INC., a Delaware corporation, | ) ) ) |
| *Plaintiff* | ) ) ) |
| v. | ) Civil Action No. 21-CV-125-S ) |
| PAUL D. MCCOWN, and MCCOWN ENTERPRISES, LLC, | ) ) ) ) |
| *Defendants* | ) ) |

## ORDER GRANTING PARTIAL RELIEF FROM PRELIMINARY INJUNCTION

Defendant Paul McCown seeks partial relief from the preliminary injunction in this case to allow him and his wife to sell their residence in Lander, Wyoming. (Doc. 67.) The preliminary injunction is intended to prevent diminution of the Defendants' assets during the pendency of this action. (Doc. 23.) Plaintiff Ria R Squared filed a response to the motion (Doc. 70), and Mr. McCown's time for filing a reply has expired.

Mr. McCown's residence "is jointly owned by Paul D. McCown and Jacinta E. McCown as husband and wife." (Doc. 67 ¶ 2.) Mr. McCown asserts the residence has become too expensive to maintain, and he and his family need the sale proceeds to live on. (*Id.* ¶ 3.) Plaintiff does not oppose the sale of the McCowns' residence. (Doc. 70 p. 2.) The parties part ways on whether any of the sale proceeds might be subject to satisfying a plaintiff's judgment in this case.

Mr. McCown contends "property held as tenants by the entireties cannot be executed upon to satisfy a judgment against only the husband or the wife." (Doc. 67 ¶ 5 (citing *Baker*

*v. Speaks*, 295 P.3d 847, 858 (Wyo. 2013).) Plaintiff seems to have no misgiving with this legal principle. *See Lurie v. Blackwell*, 51 P.3d 846, 851 (Wyo. 2002) (stating Wyoming law does not permit "a judgment creditor to seize property held by a husband and wife as tenants by the entirety to satisfy the individual debts of one of the spouses"). Instead, Plaintiff argues the McCowns do not own the residence as tenants by the entirety. (Doc. 70 pp. 2, 4-6.) As part of his motion, Mr. McCown attached the Warranty Deed for the property, which states the property was conveyed to "Paul D. McCown and Jacinta E. McCown, husband and wife, grantee(s)." Tenancies by the entirety as well as a joint tenancies "are disfavored in Wyoming." *Lurie v. Blackwell*, 51 P.3d 846, 851 n.3 (Wyo. 2002). "Therefore, the current state of Wyoming law presumes a conveyance to two individuals that is silent as to the classification of the concurrent estate they hold produces a tenancy in common, and this result is so even if those two individuals are husband and wife." *United States v. Lain*, No. 17-CV-113-ABJ, 2019 WL 2051960, at *8 (D. Wyo. Feb. 5, 2019), *aff'd*, 778 F. App'x 605 (10th Cir. 2019); *see In re Estate of Thomas*, 199 P.3d 1090, 1095 (Wyo. 2009) (determining Wyo. Stat. § 34-1-140 "reflects a legislative intention that 'joint tenancies' and 'tenancies by the entireties' are created by the use of one or the other of those phrases").

In this case, the Warranty Deed conveying the residence to the McCowns does not include the phrase "tenancy by the entirety." (*See* Doc. 67-1.) Further, Mr. McCown has not provided any basis for the Court to find the grantors intended to create a tenancy by the entirety. Accordingly, the Court concludes the McCowns, though married, do not own the Lander, Wyoming residence as tenants by the entirety.

**IT IS THEREFORE ORDERED** that Paul McCown's Motion for Relief from

Preliminary Injunction (Doc. 67) is **GRANTED**. Paul McCown is granted partial relief from the preliminary injunction in this matter so that he and his wife may sell their personal residence located at 10 Red Rim Road in Lander, Wyoming, on the condition that one-half (½) of the sale proceeds (representing Mr. McCown's interest in the property) are placed into an interest-bearing escrow account immediately upon the closing of the sale, where those proceeds shall remain pending further order of the Court. Upon the entry of judgment or other resolution of this matter, either party may petition the Court for final disposition of the escrow funds.

**DATED:** March 8th, 2022.

Scott W. Skavdahl
United States District Judge