Stuart R. Day, WSB# 5-2244, sday@wpdn.net
Ryan J. Schwartz, WSB# 6-3611, rschwartz@wpdn.net
Ryan L. Ford, WSB# 7-4667, rford@wpdn.net
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
PO Box 10700
Casper, WY 82602
(307) 265-0700
(307) 266-2306 (facsimile)

Steven R. Popofsky, SPopofsky@kkwc.com
Pamela A. Frederick, PFrederick@kkwc.com
KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.
500 Fifth Avenue
New York, NY 10110
(212) 880-9882
(212) 986-8866 (facsimile)
*Pro-hac vice*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RIA R SQUARED, INC., ) <br> a Delaware corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PAUL D. MCCOWN, AND ) <br> MCCOWN ENTERPRISES, LLC, ) <br> a Wyoming Limited Liability Company ) <br> ) <br> Defendants. ) | Case No.  21-CV-125 |

## PLAINTIFF'S FRCP 54(B) MOTION FOR ENTRY OF JUDGMENT

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Plaintiff, Ria R Squared, Inc. (hereinafter referred to as "Ria"), by and through its counsel of record, hereby moves the Court for an entry of judgment, against Defendants, as follows:

1. On March 17, 2022, the Court entered its Order Granting Plaintiff's Motion for

Partial Summary Judgment [Doc. 72] (hereinafter referred to as the "Order").

2. Within the Order, the Court ruled "Partial summary judgment is entered in Plaintiff's favor on its cause of action for fraud in the inducement/intentional misrepresentation (Claim IV) in the amount of $14.7 million ($14,700,000.00)."

3. The Order further provides "that defendants are jointly and severally liable on Plaintiff's claim of fraud in the inducement/intentional misrepresentation (Claim IV)."

4. Rule 54(b) of the Federal Rules of Civil Procedure provides in relevant part that: "When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim…the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

5. The present matter falls squarely within the theme of Rule 54(b). While there remain pending claims in this case, there is no just reason for delaying the entry of judgment against Defendants. This is particularly true given Mr. McCown's recent plea agreement, where he pled guilty to multiple felony counts of defrauding Ria to the tune of $14.7 million. Indeed, this plea will serve to hasten the conclusion of this civil proceeding and Mr. McCown can present no further valid defenses.

6. Also during the plea agreement proceedings, Mr. McCown's counsel informed the Court of the selling or liquidation of Mr. McCown's firearm collection. While the scope of that transaction remains to be determined, it does highlight the need for Ria to be able to begin collecting on the assets of Mr. McCown in order to satisfy the judgment in this matter.

7. It is significantly more advantageous for Ria to collect on a judgment versus perilously relying upon Mr. McCown's assertions that he will comply with the restrictions of the Court's Order Granting Plaintiff's Motion for Preliminary Injunction [Doc. 23]. As a reminder, that order prohibited Defendants from dissipating, disposing of, liquidating, disseminating and/or transferring, directly or indirectly, any of their personal assets or any assets of entities they own or control. It is unclear at this point in time if that order has been violated.

8. Ria is aware the FBI has seized an estimated $13.3 million of the fraudulently obtained funds – and that those funds are expected to be returned to Ria in the coming months. However, it is readily apparent a deficiency of at least $1.4 million is present. There remains no further reason to deny Ria the ability to begin satisfying the deficiency while the remainder of these proceedings come to their ultimate conclusion.

9. In accordance with local rules, counsel for Ria has conferred with counsel for Mr. McCown regarding this matter. The undersigned has been informed Mr. McCown objects to the relief sought herein.

WHEREFORE, Plaintiff respectfully request the Court enter an order directing the entry of judgment in the amount of $14.7 million against Defendants, jointly and severally, said judgment to accrue post-judgment interest at the rate as directed by 28 U.S.C. 1961, and for other relief as the Court may deem just and proper.

Respectfully submitted this 11th day of April, 2022.

RIA R SQUARED, INC.,

a Delaware corporation,

*Plaintiff*.

By: /s/: Ryan L. Ford
Stuart R. Day, WSB# 5-2244
 sday@wpdn.net
Ryan J. Schwartz, WSB# 6-3611
 rschwartz@wpdn.net
Ryan L. Ford, WSB# 7-4667
 rford@wpdn.net
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
PO Box 10700
Casper, WY 82602
(307) 265-0700
(307) 266-2306 (facsimile)

Steven R. Popofsky,
 SPopofsky@kkwc.com
Pamela A. Frederick,
 PFrederick@kkwc.com
KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.
500 Fifth Avenue
New York, NY 10110
(212) 880-9882
(212) 986-8866 (facsimile)
*Pro-hac Vice*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing pleading was served upon counsel of record via the ECF/CM Filing System (or otherwise as indicated below).

| | |
|---|---|
| Jason Tangeman | [ X ]  Electronic Delivery |
| Nicholas & Tangeman | ECF/CM |
| 170 N. 5th Street | [   ]  Fax |
| Laramie, WY 82073-0928 | [   ]  Overnight Delivery |
| | [   ]  U.S. Mail |
| | [   ]  e-mail to: |

*By:      /s/: Ryan L. Ford*